UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN A. HILLEN, by his Guardian
JONATHON H. FRANK,                             Case No. 05-74330

       Plaintiff,                                    Honorable Nancy G. Edmunds

v.

ALLSTATE INSURANCE COMPANY,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [7];
DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS [10] AND
CANCELLING HEARING SCHEDULED FOR FEBRUARY 8, 2006[1]**

This insurance dispute comes before the Court on Plaintiff's motion for remand. Plaintiff is suing his no-fault automobile insurer, Defendant Allstate Insurance Company, for breach of contract for Allstate's refusal to provide coverage for expenses incurred after an automobile accident. For the reasons stated below, Plaintiff's motion for remand is DENIED.

In its Response, Allstate moved for sanctions pursuant to Federal Rule of Civil Procedure 11. Because Allstate failed to satisfy the procedural prerequisites of Rule 11's safe harbor provisions, its request for Rule 11 sanctions is DENIED. *See Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997).

---

[1]After review of the parties' papers, the Court finds that oral argument is not necessary. *See* E.D. Mich. LR 7.1(e)(2).

**I.     Facts**

On October 28, 1989, Plaintiff Bryan A. Hillen was struck by a motor vehicle while a pedestrian and suffered injuries.  At that time, Plaintiff was insured by Defendant Allstate under a no-fault automobile insurance policy.  Allstate apparently refused to pay Plaintiff all personal protection insurance benefits he claims are owed under that insurance policy. (1st Am. Compl. ¶¶ 4-10.)

On September 21, 2005, Plaintiff filed suit against Allstate in Washtenaw County Circuit Court claiming breach of contract and seeking a declaration of rights between the parties.

On October 25, 2005, Plaintiff filed a first amended complaint alleging damages in excess of $75,000.  On November 9, 2005, Defendant Allstate removed the case to federal court on the grounds of diversity of citizenship.

**II.    Analysis**

This matter is presently before the Court on Plaintiff's motion to remand, arguing that there is no diversity of citizenship because Allstate is deemed to be a citizen of the same state as Plaintiff under 28 U.S.C. § 1332(c)(1). Defendant Allstate responds that controlling Sixth Circuit precedent interprets § 1332(c)(1) otherwise under circumstances like those presented here where the plaintiff is bringing a direct action against his own insurer.  *See Lee-Lipstreu v. Chubb Group of Ins. Co.*, 329 F.3d 898 (6th Cir. 2003); *Henry v. Wausau Business Ins. Co.*, 351 F.3d 710 (6th Cir. 2003).  This Court agrees with Allstate.

28 U.S.C. § 1332(c)(1) provides that:

> in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . .

Congress enacted this statute in order to prevent a plaintiff of State A, who was injured by a party who is also a resident of State A, from achieving diversity jurisdiction by suing the other party's foreign insurance company while intentionally failing to join the individual party in the suit. In other words, the statute prevents "back door diversity," i.e., the practice of substituting a tortfeasor's insurer for the tortfeasor as a named defendant to create diversity. Accordingly, diversity will not be defeated in no-fault insurance disputes where the plaintiff sues the insurance company directly, rather than the owner or operator of the insured vehicle. *See Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421, 425 (6th Cir. 1982) (observing that § 1332(c)(1) applied where the plaintiff had directly sued the tortfeasor's insurance company rather than the insured owner of the vehicle and the plaintiff and unnamed insured owner were citizens of the same state).

The Sixth Circuit has recently observed that § 1332(c)(1) does not apply where its purpose would not be served; i.e., in actions by an insured against his own insurer to recover for his own injuries. *See Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) (observing that application of "the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.") *Accord Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003) (observing that "federal courts have jurisdiction over actions by an

3

insured against his or her own insurance company if the two parties are diverse because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)").

It is not disputed that Plaintiff is an insured under the Allstate no-fault insurance policy and that Plaintiff is suing his own insurance company for benefits under that policy. Accordingly, under prevailing Sixth Circuit precedent, diversity jurisdiction exists under § 1332, and Plaintiff's motion for a remand is DENIED.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for a remand is DENIED, Defendant's request for Rule 11 sanctions is DENIED, and the hearing scheduled for February 8, 2006 is CANCELLED.


　　　　　　　　s/Nancy G. Edmunds
　　　　　　　　Nancy G. Edmunds
　　　　　　　　United States District Judge

Dated:  January 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

　　　　　　　　s/Carol A. Hemeyer
　　　　　　　　Case Manager