UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN A. HILLEN, by his Guardian
JONATHON H. FRANK,                                    Case No. 05-74330

       Plaintiff,                                                    Honorable Nancy G. Edmunds

v.

ALLSTATE INSURANCE COMPANY,

       Defendant.
                                             /

**ORDER DENYING PLAINTIFF'S MOTION FOR AMENDMENT AND CERTIFICATION FOR INTERLOCUTORY APPEAL OF THIS COURT'S ORDER DENYING REMAND [15]**

       This insurance dispute comes before the Court on Plaintiff's motion for amendment and certification for interlocutory appeal of this Court's January 31, 2006 order.  Plaintiff is suing his no-fault automobile insurer, Defendant Allstate Insurance Company, for breach of contract for Allstate's refusal to provide coverage for expenses incurred after an automobile accident.  On January 31, 2006, this Court issued an Order denying Plaintiff's motion for a remand.  Plaintiff is now before the Court asking it to certify the matter for interlocutory appeal.  Plaintiff's motion for an interlocutory appeal is DENIED.

       28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal

> to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Plaintiff argues that this Court's Order denying his motion for remand involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation. This Court disagrees. As observed in the January 31, 2006 Order:

> The Sixth Circuit has recently observed that § 1332(c)(1) does not apply where its purpose would not be served; i.e., in actions by an insured against his own insurer to recover for his own injuries. *See Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) (observing that application of "the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.") *Accord Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003) (observing that "federal courts have jurisdiction over actions by an insured against his or her own insurance company if the two parties are diverse because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)").

(1/31/06 Order at 3-4.) There is no basis to certify this issue for interlocutory review. Plaintiff may raise the issue on appeal after a final decision is rendered.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager